[No. 6231. Decided September 25, 1906.]

P. GANNON, *Respondent*, v. WILLIAM E. SEEHORN, *Appellant*.[1]

WAREHOUSEMEN—STORAGE RECEIPT—PROVISIONS AS TO VALUE—COMPLIANCE WITH CONDITIONS. A provision in a warehouse receipt exempting the bailee from liability for over twenty-five dollars for loss of the goods unless "the true value of each box contents or thing is herein stated," is sufficiently complied with where the value of the contents is plainly marked on the box at the time of its delivery; and if technically the value was intended to be stated in the receipt, it was the duty of the bailor to have incorporated therein the stated value; hence upon loss, the damages cannot be limited to twenty-five dollars.

Appeal from a judgment of the superior court for Spokane county, Poindexter, J., entered February 10, 1906, upon the verdict of a jury rendered in favor of the plaintiff, in an action for the value of goods delivered to a storage company. Affirmed.

*Merritt & Merritt*, for appellant. The receipt constituted a contract controlling the rights of the parties. *Belger v. Dinsmore*, 51 N. Y. 166, 10 Am. Rep. 575; *Michalitschke v. Wells, Fargo & Co.*, 118 Cal. 683, 50 Pac. 847; *Grace v. Adams*, 100 Mass. 505, 97 Am. Dec. 117, 1 Am. Rep. 131; *Pacific Express Co. v. Foley*, 46 Kan. 457, 26 Pac. 665, 26 Am. St. 107; *Kirkland v. Dinsmore*, 62 N. Y. 171, 20 Am. Rep. 475; *Stewart v. Cleveland etc. R. Co.*, 21 Ind. App. 218, 52 N. E. 89; *Hengstler v. Flint etc. R. Co.*, 125 Mich. 530, 84 N. W. 1067; *Johnstone v. Richmond etc. R. Co.*, 39 S. C.

[1] Reported in 86 Pac. 1116.

55, 17 S. E. 512; *Atchinson etc. R. Co. v. Dill*, 48 Kan. 210, 29 Pac. 148; *Richmond etc. R. Co. v. Richardson*, 23 Ky. Law 2234, 66 S. W. 1035. A common carrier may, by special contract, limit his common law liability. *Hart v. Pennsylvania R. Co.*, 112 U. S. 331, 5 Sup. Ct. 151, 28 L. Ed. 717; *Hill v. Northern Pacific R. Co.*, 33 Wash. 697, 74 Pac. 1054; *Belger v. Dinsmore*, 51 N. Y. 166, 10 Am. Rep. 575; *Coupland v. Housatonic R. Co.*, 61 Conn. 531, 23 Atl. 870; *Graves v. Lake Shore etc. R. Co.*, 137 Mass. 33, 50 Am. Rep. 282: *Magnin v. Dinsmore*, 62 N. Y. 35, 20 Am. Rep. 442; *Id.*, 70 N. Y. 410, 26 Am. Rep. 608; *Duntley v. Boston etc. R. Co.*, 66 N. H. 263, 20 Atl. 327, 49 Am. St. 610, 9 L. R. A. 449; *Hill v. Boston etc. R. Co.*, 144 Mass. 284, 10 N. E. 836; *Durgin v. American Express Co.*, 66 N. H. 277, 20 Atl. 328, 9 L. R. A. 453; *Fairchild v. Philadelphia etc. R. Co.*, 148 Pa. St. 527, 24 Atl. 79; *Railway Co. v. Gilbert*, 88 Tenn. 430, 12 S. W. 1018, 7 L. R. A. 162; *Richmond etc. R. Co. v. Payne*, 86 Va. 481, 10 S. E. 749, 6 L. R. A. 849.

*E. H. Belden* and *W. C. Losey*, for respondent. The attempted limitation was void and the appellant became subject to his common law liability as a warehouseman. *Southern Express Co. v. Newby*, 36 Ga. 635, 91 Am. Dec. 783; *Allen & Gilbert-Ramaker Co. v. Canadian Pacific R. Co.*, 42 Wash. 64, 84 Pac. 620; *Hollister v. Nowlen*, 19 Wend. 234, 32 Am. Dec. 455; *Merchants' Despatch Transportation Co. v. Furthmann*, 149 Ill. 66, 36 N. E. 624, 41 Am. St. 265; *Judson v. Western R. Co.*, 6 Allen 486, 83 Am. Dec. 646; *Burnell v. New York Central R. Co.*, 45 N. Y. 184, 6 Am. Rep. 61; *Black v. Goodrich Transportation Co.*, 55 Wis. 319, 13 N. W. 244, 42 Am. Rep. 713; *Powers v. Chicago etc. R. Co.*, 130 Iowa 615, 105 N. W. 345; 3 Am. & Eng. Ency. Law (2d ed.), 150; *Steers v. Liverpool etc. S. S. Co.*, 57 N. Y. 1, 15 Am. Rep. 453; *Abrams v. Milwaukee etc. R. Co.*, 87 Wis. 485, 58 N. W. 780, 41 Am. St. 55; *Louisville etc. R. Co. v. Owen*, 93 Ky. 201, 19 S. W. 590; *Moulton v. St. Paul etc.*

*R. Co.*, 31 Minn. 85, 16 N. W. 497, 47 Am. Rep. 781; *Boehl v. Chicago etc. R. Co.*, 44 Minn. 191, 46 N. W. 333; *Southern Express Co. v. Moon*, 39 Miss. 822; *Chicago etc. R. Co. v. Abels*, 60 Miss. 1017. The attempted limitations are no protection when it clearly appears that appellant had actual notice of the value of the articles entrusted to his care, and that the same were lost through his negligence. *Railway Co. v. Wynn*, 88 Tenn. 320, 14 S. W. 311; *Georgia Pac. R. Co. v. Hughart*, 90 Ala. 36, 8 South. 62; *Levy v. Southern Express Co.*, 4 S. C. 234; *Chicago etc. R. Co. v. Chapman*, 133 Ill. 96, 24 N. E. 417, 23 Am. St. 587, 8 L. R. A. 508; *Rosenfeld v. Peoria etc. R. Co.*, 103 Ind. 121, 2 N. E. 344, 53 Am. Rep. 500.

DUNBAR, J.—Appellant is engaged in the transfer and storage business in the city of Spokane, and the respondent stored with appellant a box of household goods and took a receipt therefor. This receipt, after exempting a very great many hazards, provides among other things, in very fine type, the following: "That we shall not be held liable for over twenty-five dollars for the loss of or damage to any box or package contents thereof, or anything above mentioned, unless the true value of each box, contents or thing is herein stated." The amount of charges was paid by the plaintiff, and when the box was called for it could not be found, and never was found. Action was brought for the value of the contents thereof, alleged to be $500, and judgment was obtained for $340.

The question raised by the appellant is as to the effect of the above-quoted provision in the receipt, and the defense to the action was based upon said provision, it being conceded that more than the amount of $25 had been tendered to the plaintiff. No explanation was made or attempted by the appellant for the loss of the box and its contents. The court instructed the jury, among other things, that the one thing left for them to determine in the case was the value of the

goods, and that the limitation placed in the receipt was of no effect. This instruction, it is claimed, was erroneous. Error is also alleged in the sustaining of respondent's objection to certain testimony offered by the appellant. We do not feel called upon to enter into a discussion of the question whether or not this limitation in the receipt, placed there in such fine type that the ordinary person would never notice it, constitutes a contract between the bailor and bailee; nor whether the bailee can stipulate away his common-law responsibilities; for, under the whole record as presented, it seems to us the appeal is without merit. The testimony of Mrs. Gannon was to the effect that she had marked the box plainly in ink upon a pasteboard, which was nailed to the top of the box, as follows: "P. Gannon. Storage. This side up. Glass. Value $500." Mr. Gannon also testified that, when he called at the storage office for the receipt which was given to him several hours after the agent of the company had taken the box from the house of the plaintiff to the storehouse of the defendant, he saw the box sitting outside of the office at Seehorn's warehouse, and that he noticed it particularly by reason of the card which was upon the box, and the card was inscribed as stated by Mrs. Gannon, viz.: "P. Gannon. Storage. This side up. Glass. Value $500." This testimony is not disputed. All the testimony offered upon this subject by the defense was by the witness Merriam, who was engaged with the Seehorn Transfer & Storage Company as their bookkeeper and agent, looking after the general business. When asked, "Was there any label of any kind on the box?" he said, "I think there was." "Q. What was that label?" "A. I think it was 'P. Gannon.' I didn't notice it in particular." It was evidently not the intention of counsel for respondent to rely upon the testimony of this witness in that regard, for the response of the counsel to the witness was, "Well, if you did not notice it in particular, you did not know," and there the examination closes. So that, ac-

cording to the testimony which the jury would not have been warranted in ignoring, the plaintiff, even under the theory of the defendant, had done his duty and complied in spirit with the provisions of the receipt.  On the other hand, if a technical compliance with the language of the receipt, "Unless the true value of each box, contents or thing is herein stated," means that the value must be stated in the receipt, then it was the duty of the bailee to have incorporated the value in the receipt, for the bailor had no jurisdiction over the receipt before it was made out, signed, and delivered to him by the bailee.

The judgment is affirmed.

MOUNT, C. J., HADLEY, and CROW, JJ., concur.

FULLERTON and ROOT, JJ., concur in the result.